FILED
MAR - 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
ex rel. ~~JOHN DOE~~ Gregory Frazer )
Glendale, CA 91207 )
1477 Dwight Drive )
    Plaintiff/Relator )
)
vs. )
)
KAISER FOUNDATION HEALTH )
PLAN, INC. )
Serve Registered Agent: )
Prentice Hall Corporation )
System, Inc. )
1090 Vermont Avenue, N.W. )
Washington, D.C. 20005 )
And )
PACIFICARE HEALTH PLAN )
ADMINISTRATORS, INC. )
Serve Registered Agent: )
C T Corporation System )
1015 15th Street, N.W., Ste. 1000 )
Washington, D.C. 20005 )
And )
NEWPORT LANGUAGE, )
SPEECH AND AUDIOLOGY )
CENTER, INC. )
Serve Registered Agent: )
Lawrence Goodman )
23361 Madero Street Ste. 200 )
Mission Viejo, CA 92691 )
)
    Defendants. )
)

FILED UNDER SEAL

CIVIL ACTION NO.
_____

JURY TRIAL DEMANDED


CASE NUMBER 1:06CV00377

JUDGE: Ricardo M. Urbina

DECK TYPE: General Civil

DATE STAMP: 03/03/2006

JURY ACTION

COMPLAINT FOR MONEY DAMAGES
AND CIVIL PENALTIES UNDER THE FALSE
CLAIMS ACT (31 U.S.C. §§3729-3733)

COMES NOW the Plaintiff/Relator, John Doe, by and through his undersigned attorneys

and counsel, and for his complaint alleges as follows:

## INTRODUCTION

1. This is an action for damages and civil penalties under the False Claims Act (FCA), *31 U.S.C. §§3729-3733*, as amended, against defendants, Kaiser Foundation Health Plan, Inc. ("Kaiser"), a California non-profit corporation which currently does business in the District of Columbia; Pacificare Health Plan Administrators, Inc. ("Pacificare"), an Indiana business corporation which currently does business in the District of Columbia; Newport Language, Speech and Audiology Center, Inc. ("Newport Audiology"), a California corporation which does business in numerous states throughout the country; and HEARX West, Inc., ("HEARX") a Florida Corporation which does business in numerous states throughout the country.

2. This is an action for money damages and civil penalties arising from the presentation of false statements and false claims, since 1995 to date, by defendants Kaiser and Pacificare to the United States Department of Health and Human Services (DHHS) in connection with defendants' participation in the Medicare+Choice Health Maintenance Program ("Medicare+Choice"). As one of its functions, DHHS, through its agency, the Centers for Medicare and Medicaid (CMS), provides health insurance to aged and disabled Americans pursuant to the provisions of the Medicare program, title XVIII of the Social Security Act, *42 U.S.C. §§1395 et. seq.* This case arises from a series of violations of the False Claims Act committed by defendants, Kaiser and Pacificare in their submission of claims and cost reports to the Medicare+Choice program through the Centers for Medicare and Medicaid Services, United States Department of Health and Human Services, headquartered in Washington, D.C.

3. As described in detail in this complaint, defendants Kaiser and Pacificare knowingly and willfully presented or caused to be presented to officers, agents, contractors or employees of the

United States false cost reports, false certifications, false records, false statements, and false claims for payment or approval for health care services provided by defendants under the Medicare+Choice program in the State of California and, perhaps, other states where defendants conduct business.

4. Defendants Kaiser and Pacificare planned to collect, and did collect, millions of dollars of fraudulently obtained federal funds by fraudulently submitting claims and cost reports to the federal government for payment of health care premiums and costs for audiology and audiology-related health care services defendants Kaiser and Pacificare did not incur in violation of the False Claims Act, Medicare and Medicare+Choice rules, regulations, and guidelines.

5. The Medicare+Choice program requires that health plan participants, like defendants Kaiser and Pacificare, submit to the federal government detailed costs for all the health care services defendants provide to Medicare beneficiaries either directly or indirectly through subcontractors like defendants Newport Audiology and HEARX West, Inc. These costs reports or Adjusted Community Rating ("ACR") proposals prepared by the defendant health plans, are submitted to the Centers for Medicare and Medicaid ("CMS") and are used as the basis for determining the amount of money the Medicare+Choice program will pay defendants Kaiser and Pacificare to provide services to Medicare beneficiaries enrolled in the Medicare+Choice program.

6. Not only did defendants not incur any of the health care costs they purported paid to defendant Newport Audiology for audiology and related health care services, defendants Kaiser and Pacificare, have over the years routinely applied for increases in these payments in their ACR cost report submissions to the federal government by stating that these costs were progressively increasing when in fact they were not.

7. In exchange for waiving its share of defendants Kaiser's and Pacificare's health care premiums and payments under the Medicare+Choice program, defendants HearX West, Inc. and Newport Audiology were rewarded with exclusive referral from defendants Kaiser and Pacificare of all Medicare program beneficiaries for audiology and related health care services, in particular, Medicare fee for service beneficiaries not subject to capitated payments from the federal government and all Medicare beneficiaries to whom defendants HEARX and Newport Audiology could market and sell hearing aids, which are costly, not discounted for Medicare fee for service patients and paid for directly by the Medicare beneficiary, a supplemental health care insurance and/or Medicaid which is funded by the federal government and States.

8. The "swapping" of services provided, resulting from the exclusive referral of Medicare patients by defendants Kaiser and Pacificare to defendants Newport Audiology and HEARX in exchange for defendants HEARX's and Newport's waiver of their fees that would otherwise be paid for by defendants Kaiser and Pacificare with federal government funds violates Medicare and Medicare+Choice rules, regulations and guidelines, the Medicare Safe Harbor Rules for Protecting Health Plans, 42 CFR Part 1001 (61 Fed Reg. No. 17, 2122 et seq.(1996)) and the "Medicare" Anti-Kickback Statute, 42 U.S.C. §1320a-7b(b), which prohibits the knowing and willful offer to pay, solicit or receive remuneration to induce the referral of business reimbursable under a federal health care program including but not limited to, Medicare and Medicaid.

9. Following a statement of jurisdiction and venue and a description of the parties, this complaint describes: the reimbursement of health plan services provided by defendants under the Medicare+Choice program; how the defendants violated Medicare and Medicare+Choice rules, regulations and guidelines, the federal criminal and Social Security Act Anti-Kickback

laws; and how the defendants violated the False Claims Act by fraudulently collecting funds from the United States government.

## JURISDICTION AND VENUE

10. This action arises under the False Claims Act, *31 U.S.C. §§ 3729-3733, as amended*. This court thus has jurisdiction over this complaint pursuant to *31 U.S.C. § 3732(a)* and *28 U.S.C. § 1331* because this action arises under the laws of the United States. This Court also has jurisdiction pursuant to *28 U.S.C. § 1345*, which provides the district courts original jurisdiction over all civil actions commenced by the United States of America.

11. Venue is proper in the United States District Court for the District of Columbia pursuant *31 U.S.C. § 3732(a)* and *28 U.S.C. § 1391(c)* because defendants Kaiser and Pacificare, both of whom filed false claims and received fraudulent payments from the United States, transact business in the District of Columbia. The United States Department of Health and Human Services, from whose funds the defendants were paid fraudulently, is headquartered in the District of Columbia.

## PARTIES AND OTHER ENTITIES

### Plaintiff/Relator

12. This action is brought on behalf of the United States of America by plaintiff John Doe (the "Relator"). The United States, through the enactment of the False Claims Act authorize private individuals, like John Doe, to bring suit on behalf of the federal government, to recover damages sustained by the government as a result of the submission of false claims to the government. The FCA also allows for civil penalties up to $10,000 for each false claim and/or false statement, treble the amount of actual damages; and plaintiff's costs including, but not limited to, attorneys' fees. The federal payments for the Medicare program originate from the

Department of Health and Human Services ("DHHS"), Centers for Medicare and Medicaid Services ("CMS") and the Medicare Trust Fund. *42 U.S.C. § 1395u.*

13. Relator is a citizen of the United States of America and presently resides in Los Angeles County, California. During the relevant period covered by this complaint, the plaintiff/relator has been a licensed audiologist with more than twenty years experience who participated in the Medicare+Choice program through contracts with defendants Kaiser and Pacificare to provide audiology and related health care services to Medicare beneficiaries. As a result of relator's unwillingness to waive his share of the Medicare+Choice premiums received by defendants Kaiser and Pacificare for audiology services under his contracts with defendants, relator was effectively "shut-out" of the business and referral of Medicare+Choice and Medicare fee for service health care patients from defendants Kaiser and Pacificare who steered all of their federal program business to defendant Newport Audiology.

14. Defendants Newport Audiology and HEARX routinely waived their premium payments that should have been paid by defendants Kaiser and Pacificare. In exchange, defendant Newport Audiology and HEARX received exclusive referrals of the two defendants' Medicare beneficiaries referred for audiology services, all of whom became potential hearing aid purchasers for hearing aids sold by defendants Newport Audiology and HEARX. Since Medicare does not pay for hearing aids for its beneficiaries, defendant Newport Audiology was not subject to any oversight or restrictions regarding its marketing and pricing of hearing aid products to Medicare beneficiaries.

15. Over time, relator received fewer and fewer audiology referrals to his health care practice from defendants Kaiser and Pacificare, and more Medicare patients who came to relator for audiology second opinions because they were only screened for hearing aids when referred to

defendants Newport Audiology and HEARX. As a result, Medicare+Choice beneficiaries were put at risk of having life threatening or treatable conditions go undetected and untreated. At least one patient treated by relator for a second opinion audiology evaluation stated that when treated by defendant Newport Audiology, before the patient could reach home from defendant's office a message had been left on the patient's answering machine that "he needed" a hearing aid immediately. Relator's follow-up examination determined that a hearing aid was not medically indicated for that patient.

16. During the relevant period covered by this complaint, defendants Kaiser and Pacificare dominated the majority of the Medicare+Choice patient market in relator's area. With very little referral business and the unwillingness to waive premiums or pay kickbacks to defendants Kaiser and Pacificare, relator was forced to sell his audiology health care practice as he was shut-out of the Medicare+Choice market by defendants' illegal and fraudulent conduct. To this day, defendants continue to conspire to defraud the Medicare+Choice program, Medicare beneficiaries and the United States Government.

17. The relator has direct and independent knowledge under the FCA, within the meaning and definition of *31 U.S.C. § 3730(e)(4)(B)*, of the allegations underlying this complaint derived through and from relator's contracts and dealings with the defendants. Relator, through counsel, has voluntarily provided the information contained in the complaint to the government prior to filing the original complaint. None of the allegations set forth in this complaint is based on a public disclosure of any allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative, or General Accounting Office report, hearing, audit, or investigation, or from the news media. Relator is the original source of this information to the United States Government.

## The Defendants

18. Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser"), a California non-profit corporation, operates Health Maintenance Organization ("HMO") health plans throughout the United States. California and the Washington, D.C. metropolitan area are the two largest markets for Kaiser health plan medical services and prescription drugs to patients. Defendant Kaiser is one of largest Medicare+Choice HMO plans serving Medicare beneficiaries throughout the United States.

19. Defendant Pacificare Health Plan Administrators, Inc. ("Pacificare"), an Indiana business corporation, operates Health Maintenance Organization ("HMO") health plans throughout the United States. Pacificare's presence as a health care provider of medical services and prescription drugs in the Washington, D.C. metropolitan area has steadily increased over the years and it is also one of the largest Medicare+Choice HMO plans serving Medicare beneficiaries throughout the United States.

20. Defendant Newport Language, Speech and Audiology Center, Inc. ("Newport Audiology"), a California corporation, has eighty or more locations throughout the United States. Most of their facilities lack state of the art audiology equipment and their focus is generally to screen and recommend hearing aids sold by Newport Audiology to Medicare beneficiaries. Newport Audiology has revenues in the tens, perhaps hundreds, of millions of dollars, mostly from hearing aid sales to Medicare beneficiaries.

21. Defendant HEARX West, Inc., a Florida corporation, has numerous locations in several states throughout the country. HEARX West, Inc. Like Newport Audiology, most of HEARX's locations are geared toward hearing aid sales rather than audiology and related medical services.

Also like Newport Audiology, HEARX has revenues in the tens, perhaps hundreds, of millions of dollars, mostly from hearing aid sales to Medicare beneficiaries.

### The Federally-Funded Healthcare Programs Defrauded By Defendant

22. Title XVIII of the Social Security Act, *42 U.S.C. §§ 1395, et seq.*, established the Health Insurance for the Aged and Disabled, popularly known as the Medicare program. The United States Department of Health and Human Services ("DHHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS") administers the Medicare and Medicaid programs. CMS is authorized to enter into and administer contracts with insurance companies or Medicare contractors on behalf of DHHS. Inclusive in CMS's contracting authority is the responsibility for entering into contracts with health care plans, providers and suppliers.

23. CMS enters into contracts and pays for health care services provided to Medicare beneficiaries through insurance companies acting as Medicare ("fiscal intermediaries") contractors with the responsibility to process and pay health care claims under Medicare Part A which covers hospital and post-hospitalization services. *42 U.S.C. §§ 1395c-1395i-2 (1992)*. Medicare Part B is a federally subsidized, voluntary insurance program that covers a percentage (usually 80 percent) of the fee schedule amount for physician and laboratory services *42 U.S.C. §§ 1395k, 1395l, 1395x(s)*, outpatient services and all other services not covered by Medicare Part A. Medicare Part B contractors ("carriers") process and pay claims for these services. Audiology services are covered and reimbursable under Medicare Part B when they are provided in an outpatient setting.

24. CMS enters into contracts and pays for health care services provided to Medicare beneficiaries enrolled in Health Maintenance Organizations ("HMO") operated by health care plans under the Medicare Part C or Medicare+Choice program *42 U.S.C. §§ 1302 and 1395i(hh)*

(1995). Most Medicare+Choice HMOs are capitated risk plans where the Medicare HMO agrees to provide an array of medical services to each Medicare beneficiary for which the HMO receives a set amount or premium from the federal government. The premium received by risk-based Medicare HMO plans like defendants Kaiser and Pacificare, includes lesser premiums or individual costs borne by the Medicare HMO for each medical service it provides directly or indirectly through subcontractors like defendants HEARX, Newport Audiology and relator, providers of audiology services under contract for Medicare HMO patients. The Medicare HMOs also treat Medicare beneficiaries who are fee-for-service, or cost-based reimbursed patients, whose medical services are not subject to capitated payments unless they are covered by one of the pre-determined Medicare fee schedules (inpatient (PPS) or outpatient (OPPS) prospective payment systems).

25. The Medicaid program, is a state operated federally assisted grant program for the states enabling them to provide medical assistance and related services to economically disadvantaged individuals. CMS administers Medicaid on the federal level. The state directly pays for Medicaid services and obtains a federal reimbursement share through accounts drawn from the United States Treasury. *42 C.F.R. §§ 430.0-430.30 (1994)*. The federal government's financial contribution to each state's Medicaid program is at least 50 percent.

26. Defendants Kaiser and Pacificare submit cost reports or claims to Medicare+Choice containing detailed amounts for services covered by the premium or Adjusted Community Rating (ACR) Medicare agrees to pay for each Medicare+Choice HMO beneficiary enrolled by defendants. Defendants certify to the government that they in fact incur all the medical costs presented to the government for payment including the costs for audiology services waived by defendant Newport Audiology in exchange for exclusive referral of Medicare+Choice and

Medicare fee-for-service beneficiaries. CMS relies on the defendants representations when it sets the contract amount for each health plans ACR. For services defendants provide to non-Medicare+Choice beneficiaries, all defendants, Kaiser, Pacificare, HEARX and Newport Audiology individually present bills to the government for payment.

### Defendants' Fraudulent Collection and Retention of Government Funds

27. Since around 1997, defendants HEARX and Newport Audiology entered into contracts with defendants Kaiser and Pacificare to provide audiology tests, screening and related healthcare services to Medicare beneficiaries covered by Medicare+Choice and Medicare fee-for-service plans. Defendants HEARX and Newport Audiology marketed to defendants Kaiser and Pacificare that the former defendants would waive their HMO fees, thereby allowing defendants Kaiser and Pacificare to keep defendants HEARX and Newport Audiology's portion of the ACR premium to which they were entitled as profit or a kickback. In exchange for the kickback, defendants Kaiser and Pacificare agreed to exclusively refer their Medicare patients to defendants HEARX and Newport Audiology to facilitate the swapping of services practiced by defendants HEARX and Newport Audiology (audiology testing replaced by hearing aid screenings).

28. As defendants Kaiser and Pacificare collected or, in fact, retained premium amounts slated for audiology services purportedly provided by defendant HEARX and Newport Audiology, defendants with every succeeding contract renewal with Medicare+Choice and CMS included the kickback amounts as costs incurred within each Medicare premium amount paid by the government. Over the years, defendants Kaiser and Pacificare have actually requested increasing amounts for audiology services by stating in their ACR cost reports that they could not provide adequate audiology services at the prior year amounts paid by the government.

Through this fraudulent billing scheme, defendants knowingly and willfully caused false claims to be presented to and paid by the United States Government, resulting in the Government overpaying the defendants by millions of dollars over many years.

29. First, defendants knowingly made, used, or caused to be made or used, false records that grossly inflated costs for audiology services within and ACR cost reporting period in order to increase their Medicare payments and profits. Second, defendants HEARX and Newport Audiology collected copayments from Medicare beneficiaries while waiving their premium payments from defendants Kaiser and Pacificare. Next, defendants HEARX and Newport Audiology saved defendants Kaiser and Pacificare additional premium revenues by foregoing complete audiology testing that may have revealed conditions requiring additional medical services defendants Kaiser and Pacificare would have to pay for out of their Medicare premiums. Finally, defendants HEARX and Newport Audiology limited its services to hearing aid screening and then marketed its hearing aid product line to the Medicare beneficiary community exclusively referred by defendants Kaiser and Pacificare. For non-Medicare patients on defendants Kaiser and Pacificare's patient rolls, defendants HEARX and Newport Audiology offered hearing aid product discounts. Medicare patients paid full price.

## COUNT I
### (False Claims Act; Presentation of False Claims and False Statements)

1. Plaintiff realleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

2. Through the acts described above, defendants knowingly submitted false and fraudulent claims, cost reports and other payment documents to contractors, agents and officials of the United States Government in violation of 31 U.S.C. Section 3729(a)(1).

3. As a result of this conduct, the United States has suffered millions of dollars in actual damages.

## COUNT II
### (False Claims Act; Presentation of False Statements)

1. Plaintiff realleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

2. Through the acts described above, defendants knowingly constructed or used, or caused to be made or used, false or fraudulent records and documents, and false or fraudulent statements, representations and certifications in order to get the payment and/or approval of false or fraudulent claims, cost reports and other documents by agents and officials of the United States Government in violation of 31 U.S.C. Section 3729(a)(2).

3. As a result of this conduct, the United States has suffered millions of dollars in actual damages.

## COUNT III
### (Anti-Kickback Act; Kickbacks and Illegal Remuneration)

1. Plaintiff realleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

2. Through the acts described above, defendants knowingly and willfully paid and received kickbacks and illegal remuneration for the referral of Medicare services in violation of the Anti-Kickback Statute, 42 U.S.C. §1320a-7b(b), which prohibits the knowing and willful offer to pay, solicit or receive remuneration to induce the referral of business reimbursable under a federal health care program including but not limited to, Medicare and Medicaid.

3. As a result of this conduct, the United States has suffered millions of dollars in actual damages.

## COUNT IV
### (Unjust Enrichment)

1. Plaintiff realleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

2. Through the acts, omissions and conduct described above, defendants have been unjustly enriched at the expense of the United States. In consideration of both equity and good conscience, the federal monies received by defendants should be returned to the United States.

## COUNT V
### (Payment by Mistake of Fact)

1. Plaintiff realleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

2. Through the acts described above, the United States paid for costs that were not reimbursable under the Medicare+Choice program. These costs did not meet Medicare+Choice payment rules, regulations and guidelines.

3. When agents and officials of the United States paid defendants for the costs described in the complaint, these agents and officials of the government were unaware of the underlying fraudulent conduct by defendants as described hereinbefore. Had the government agents or officials known that defendants were not entitled to receive reimbursement or payment for the costs described in the complaint, those government agents or officials would not have approved the payment of federal monies to defendants.

4. As a result of the acts, omissions and conduct described above, the Government is entitled to recover the full payment of these fraudulently obtained funds which were paid to the defendants by mistake of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Relator John Doe, acting on behalf of, and in the name of the United States of America, demands and prays that judgment be entered in favor of the United States against defendants on Count I through Count V of the qui tam complaint, as follows:

1. On Count I (False Claims Act; Presentation of False Claims), for treble the amount of damages incurred by the United States, plus civil penalties of $10,000 for each false claim;

2. On Count II (False Claims Act; Presentation of False Statements) for treble the amount of the damages incurred by the United States, plus civil penalties of $10,000 for each false statement or false record;

3. On Count III (Anti-Kickback; Kickbacks and Illegal Remuneration) for the maximum penalty allowed;

4. On Count IV (Unjust Enrichment), for restitution and repayment of all funds by which the defendants has been unjustly enriched plus pre-judgment interest;

5. On Count V (Payment by Mistake of Fact), for return of all funds paid by the mistake of the Government or through the erroneous acts of its agents, plus pre-judgment interest;

6. That relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act;

7. That relator be awarded all reasonable attorneys fees, costs and expenses;

8. That the court award post-judgment interest; and

9. That the United States and relator receive all other relief, both at law and at equity, to which they are entitled and the District Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff and Relator, John Doe, demands that this case be tried before a jury.

Respectfully submitted,

*/s/ Rita Ndirika*

Rita Grant Ndirika, Esquire
Grant Law Office
7003 Innsfield Court
Lanham, Maryland  20706
(301) 552-6242 (tel/fax)
Email grant_law@comcast.net
District of Columbia Bar No. 455611

Attorney for Plaintiff/Relator John Doe

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that pursuant to Section 3730(b)(2) of the civil False Claims Act (31 U.S.C. Section 3729 et seq., as amended) and Rule 4(d)(4) of the Federal Rules of Civil Procedure on this 3rd day of March 2006, we cause a copy of the foregoing "Qui Tam False Claims Act Complaint" for money damages and civil penalties and "First Disclosure Statement of Material Evidence" to be served upon the United States as follows:

**By Priority Mail/Delivery Confirmation to**:

The Honorable Alberto R. Gonzales
Attorney General of the United States
Department of Justice
Constitution Avenue and 10th Streets, N.W.
Washington, D.C. 20530


The Honorable Kenneth L. Wainstein
United States Attorney
Judiciary Square Building
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530



*/s/ Rita Ndirika*

Rita Grant Ndirika, Esquire
Grant Law Office
7003 Innsfield Court
Lanham, Maryland 20706
(301) 552-6242 (tel/fax)
Email grant_law@comcast.net
District of Columbia Bar No. 455611

Attorney for Plaintiff/Relator John Doe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>ex rel. ~~JOHN DOE~~ Gregory Frazer )<br>Glendale, CA 91207 )<br>1477 Dwight Drive )<br>     Plaintiff/Relator )<br> )<br>vs. )<br> )<br>KAISER FOUNDATION HEALTH )<br>PLAN, INC. )<br>Serve Registered Agent: )<br>Prentice Hall Corporation )<br>System, Inc. )<br>1090 Vermont Avenue, N.W. )<br>Washington, D.C. 20005 )<br>And )<br>PACIFICARE HEALTH PLAN )<br>ADMINISTRATORS, INC. )<br>Serve Registered Agent: )<br>C T Corporation System )<br>1015 15th Street, N.W., Ste. 1000 )<br>Washington, D.C. 20005 )<br>And )<br>NEWPORT LANGUAGE, )<br>SPEECH AND AUDIOLOGY )<br>CENTER, INC. )<br>Serve Registered Agent: )<br>Lawrence Goodman )<br>23361 Madero Street Ste. 200 )<br>Mission Viejo, CA 92691 )<br> )<br>     Defendants. )<br> ) | FILED UNDER SEAL<br><br>CIVIL ACTION NO.<br>_____<br><br>JURY TRIAL DEMANDED |

FIRST DISCLOSURE STATEMENT
OF MATERIAL EVIDENCE PURSUANT TO
THE FALSE CLAIMS ACT (31 U.S.C. §§3730(b)(2))

COMES NOW the Plaintiff/Relator, John Doe, by and through his undersigned attorneys

06 0377

FILED

MAR - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMPLAINT FOR MONEY DAMAGES AND CIVIL
PENALTIES UNDER THE FALSE CLAIMS ACT - 19

and counsel, and for his First Disclosure Statement of Material Evidence provides the following:

| Index No. | Description |
|---|---|
| 1. | Pacificare of California Ancillary Services Agreement With Newport Health Network, Inc. dba Newport Audiology Centers (1/1/97) |
| 2. | Letter from CMS to Dr. Gregory Frazer, AuD re explanation of Medicare Payment for audiology services (8/2/02) |
| 3. | Letter from Speech Language Pathology and Audiology Board To Dr. Gregory Frazer re legal opinion on referrals in exchange For free audiology services (5/15/02) |
| 4. | Letter from California Department of Health Services to Dr. Gregory Frazer re Medi-Cal audiology and hearing aid services (3/11/02) |
| 5. | Letter from U.S. Department of Health and Human Services to Dr. Gregory Frazer re requirements for audiology services under Medicare managed care plans (Medicare+Choice) 11/28/00 |
| 6. | Correspondence from Pacificare Health Plan to Medicare HMO patient stating that Newport Audiology is sole referral for hearing exam (undated; after 10/29/99) |
| 7. | Letter from counsel for Newport Audiology explaining why counsel believes no violations of law have occurred by Newport Audiology (5/18/99) |
| 8. | Letter from Newport Audiology authored by Laura Smallen re free audiology services provided by Newport (5/17/99) |
| 9. | Letter from counsel for Pacificare re free audiology services (3/23/99) |
| 10. | Letter from Kaiser Permanente to audiologist provider (Miranda) requiring exclusive referral of patients to HEARX (1/5/99) |
| 11. | Letter from Newport Audiology to provider stating that Medicare HMO patients receive free audiology services from Newport (9/19/94) |

12. Newport Language Speech and Audiology Centers, Inc. pricing sheet stating that hearing aid evaluations and audiology services are free (undated)

13. Letter from California Medical Association to Deputy Attorney General for California, Anthony Da Vigo stating that free audiology services in exchange for exclusive referrals is illegal in California (11/19/98)


Respectfully Submitted,

*/s/ Rita Ndirika*

Rita Grant Ndirika, Esquire
Grant Law Office
7003 Innsfield Court
Lanham, Maryland 20706
(301) 552-6242 (tel/fax)
Email grant_law@comcast.net
District of Columbia Bar No. 455611

Attorney for Plaintiff/Relator John Doe